UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE WESTMORELAND,

        Plaintiff,

        v.

Case No. 20-cv-1130-bhl

HOME DEPOT INC,
ABC SECURITY COMPANY,

        Defendants.

## ORDER DENYING DEFAULT JUDGMENT
## AND GRANTING EXTENSION OF TIME

      The plaintiff, Terrance Westmoreland, filed a complaint and related documents, including a request for issuance of summons, on July 24, 2020. (ECF No. 1-5.) On the same day, the Clerk informed plaintiff of three deficiencies in his initial filings, including a deficiency related to his request for a summons. Plaintiff filed a corrected version of the request for issuance of summons later that same day; the corrected request listed an address for Home Depot, Inc. at 1209 Orange Street, Wilmington, Delaware. (ECF No. 7.) On October 23, 2020, plaintiff filed proof of service on Home Depot, Inc., showing service on what plaintiff contended was Home Depot's registered agent on August 17, 2020. (ECF No. 8.) Plaintiff also moved for a default judgment. (ECF No. 9.)

      On October 29, 2020, plaintiff filed a Local Rule 7(h) expedited motion to extend the time in which to properly serve defendant Home Depot, Inc. (ECF No. 11.) In his expedited motion, plaintiff requests an extension of time to serve Home Depot, Inc. because his prior service of the summons and complaint was incorrectly made on CT Corporation, which plaintiff's counsel mistakenly believed was Home Depot's registered agent for service of process. (*Id.*) Counsel claims that Home Depot, Inc. holds itself out as having an address at 1209 Orange Street, in Wilmington, Delaware, as reported in the Wisconsin Department of Financial Institution's online records, but it appears that this is the address for CT Corporation,

which stopped being Home Depot's registered agent in Wisconsin in nearly 30 years ago, on May 7, 1992. (ECF No. 11-1, 11-2.) Counsel complains that CT Corporation failed to notify him of his mistake for two months, resulting in plaintiff having failed to complete service within the time frame required by Rule 4(m). (ECF No. 11-1.)

Counsel argues that an extension of the deadline to complete service is warranted because the error was caused by his excusable neglect, and that it was out of his control that CT Corporation waited more than two months to inform him of his error. (ECF No. 11.) While the Court is reluctant to characterize counsel's repeated mistakes as excusable neglect, the Court will allow plaintiff an additional 14 days to complete proper service. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's first motion for default judgment against Home Depot, Inc., ECF No. 9, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's expedited motion for extension of time, ECF No. 11, is **GRANTED**. Plaintiff must serve the defendants in accordance with Fed. R. Civ. P. 4 and file proof of proper service with the Court on or before **November 16, 2020**. Plaintiff's failure to provide proof of service by the deadline may result in this case being dismissed pursuant to Civil L. R. 41.

Dated at Milwaukee, Wisconsin on November 2, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge